GALEN MERIAM AND ORVIS B. PERRY *v.* MARTIN ARMSTRONG.*

A sheriff, who arrests a debtor upon *mesne* process, may himself become bail for such debtor, by indorsing his own name upon the back of the writ, in the manner required by statute.

A sheriff, who arrests a debtor upon *mesne* process, and then becomes bail by indorsing his own name upon the writ, and returns, that he has thus become bail, is estopped, when *scire facias* is brought by the creditor against him as such bail, from contesting his legal competency thus to become bail upon process served by himself.

---

* POLAND, J., having been of counsel, did not sit upon the trial of this suit.

Meriam et al. *v.* Armstrong.

SCIRE FACIAS, brought against the defendant as bail upon *mesne* process for one Edmund Clark,—the plaintiffs alleging, that they sued out a writ, in due form of law, against Clark, and delivered it to the defendant, who was sheriff, to serve and return, and that the defendant arrested Clark thereon, and then became bail for him by indorsing his own name upon the back of the writ, and made return that he had so become bail, and that the plaintiffs subsequently recovered judgment against Clark, and took out execution, and that a return of *non est inventus* was made thereon, in due form. To this declaration the defendant demurred.

The county court, December Term, 1844,—ROYCE, Ch. J., presiding,—rendered judgment, that the declaration was insufficient. Exceptions by plaintiffs.

*L. P. Poland* and *D. A. Smalley*, for defendant, insisted, that an officer, serving a writ, cannot become bail thereon, or be legally liable, as such, to the creditor,—and relied upon Rev. St. chap. 28, § 23 *et seq.; Brown* v. *Lord*, Kirby 209.

*S. Wires* and *W. W. White*, for plaintiffs, insisted, that the defendant might well become bail,—but that at least, under the circumstances, he was estopped from contesting his liability as such.

The opinion of the court was delivered by

BENNETT, J. The present action is *scire facias* against the defendant, as bail upon *mesne* process, which issued in favor of the present plaintiffs against one Edmund Clark. The defendant, being sheriff of the county, received the writ to serve, and, having served it, he entered his own name as bail upon the back of the writ, and made return, that he, Martin Armstrong, became bail, &c. No question is made, but that all the necessary proceedings were had to charge the defendant as bail, provided the plaintiffs can be justified in so treating him; and this is the only question raised on the demurrer to the present declaration.

It is said in argument by the defendant's counsel, that the plaintiffs should have sued the defendant for official neglect, in not taking bail; and that to maintain this action would be at war with gen-

eral principles, against sound policy, and in contravention of the statute law of the state.  The first question, however, for consideration will be, whether the defendant can be permitted to aver his own want of capacity to become bail.

It is a familiar principle, that many admissions operate, in effect, as an estoppel, and may be pleaded by way of estoppel *in pais* ; and in the case of *Simmons* v. *Bradford*, 15 Mass. 32, it was held, that the same principle applied to the case of a sheriff, who falsely returned, that he had taken bail.  In that case the sheriff was sued for not delivering to the creditor the bail bond on request, he never having returned it into the clerk's office.  The defence set up was, that the only bond taken by the defendant's deputy was one executed by the debtor alone, without any surety, and that the deputy offered to deliver to the plaintiff this bond, when the latter called upon him for it.  But the court say, " that inasmuch as this is not a bail bond, there being no bail, to whom the principal was supposed to have been delivered, and no surety liable for him in case of his avoidance, to allow this as a defence to the action would be to allow the sheriff to aver and prove, that the deputy did not take bail, in direct contradiction to his return,—which cannot be done."  Though the plaintiff, in such a case, might disaffirm the return of the officer and show its falsity, yet that right is not reciprocal.  See, also, the case of *Eaton* v. *Ogier*, 2 Greenl. 46.

In the present case, as the creditors have seen fit to affirm the officer's return, by declaring against him as bail, we do not think, that it is competent for him to defeat the action, by averring, in contravention of his return, that no bail was in legal effect taken by him.  This would be to permit a party to take advantage of his own wrong.  The officer voluntarily assumed the situation of bail, and he should be held subject to all its liabilities, even although he might not be enabled to avail himself of all its privileges.  When the sheriff returned, that he had become bail by indorsing his name on the back of the writ, he must have intended, that he would, in effect, become surety for the debtor's appearance at court, and that the creditors should have all the security, which they could have had, if bail had been regularly put in ; and the creditors having, in this respect, affirmed the doings of the sheriff, he cannot be allowed to *repudiate* his acts, and turn them round to an action on the case,

even though it be granted, that they might, at their election, have disaffirmed his acts and sued him in an action on the case. This is no hardship upon the officer ; for it is difficult to see, how an action on the case would have been more to his advantage, than the present proceeding. But if so, it would be a sufficient answer to say, that he might have avoided the hardship by a strict performance of his duty. We think, then, upon this ground the present declaration should be held sufficient.

But we see no insuperable difficulty in considering the bail as regularly and legally put in. The Revised Statutes, chapter 28, section 23, provide, that when the body of a person is arrested on *mesne* process, it shall be the duty of the officer to commit such person to jail, unless the person so arrested shall expose personal property, sufficient to secure such officer, or procure some person to become surety, to the satisfaction of such officer, by such surety's indorsing his name on the back of such writ, as bail thereon. If the person arrested applies to the officer to become his bail and indorse the writ, and the officer sees fit to do it, we see no good reason, why, from that time, the relation between the officer and the person arrested should not be simply that of bail and principal. The bail is not, by our law, by way of a bail bond taken to the sheriff and by him assigned to the creditor, but is taken, by means of the indorsement upon the back of the writ, direct to the creditor; and the person arrested being in the custody of the officer, when he becomes bail, no formal delivery of the principal to the surety can be required.

The creditor, it is true, has the right to have the bail sufficient, at the time it is taken ; and the officer, in his official capacity, is responsible for all damages occasioned by its insufficiency, unless he shall prove on the trial, that the surety was sufficient, when taken. We see no reason, why, if the officer, or his bail, are sued for neglect of official duty in not taking sufficient bail on the writ, the rights of the creditor are prejudiced by the officer being the bail himself. The question as to his sufficiency can as well be tested by evidence, as the sufficiency of a third person.

But it is said in argument, that, if it is once settled, that a sheriff may become bail on the back of the writ, it is to be feared, that the practice will become general, and consequently the future solvency

of the officer endangered, and thereby the rights of the creditor put in jeopardy. But it is a *non sequitur*, that the practice would become general. There is no reason, why it should be so. The officer must be supposed to have the same regard to his future solvency, as other individuals. But if so, I apprehend the officer could not be deprived of his justification, in any case, simply on the ground that the person taken as bail was engaged in a business, that might more or less endanger his future solvency,—though perhaps this might be an element entering into the consideration of the question as to the sufficiency of the bail.

It is said, that the statute provides, that the surety may call upon the officer, who served the writ, for a bail piece; and that the officer could not make a bail piece to himself;—but why not? The bail piece is not process, or any thing in the nature of process; but it is merely a memorial, or record, of the delivery of the principal to his bail; and by the statute the bail piece is made sufficient evidence, to entitle the surety to a warrant from any justice of the peace to take the body of the principal. The bail have the right, at any time, to arrest the principal; and this right grows out of their relation, without any bail piece, or process issued upon it; and the object of the statute, giving the surety a right to apply for a warrant, was to enable him to call to his aid the officers of the government, which he could not do upon common principles, independent of the statute. But suppose the sheriff, in his official capacity, could not make a bail piece to himself, as the bail of the principal; does it follow, that he could not legally become bail? This provision in the statute, for a warrant to take the body of the principal, is for the benefit of the surety; and if, in such case, it is incompatible with principle, that the sheriff should have a bail piece, it might well be considered, that he waived this privilege, when he consented to become bail.

We have been referred to the case of *Brown* v. *Lord*, Kirby 209, as an authority against this view of the subject; but it is to be remarked, that at that time the bail on *mesne* process, by the Connecticut statute, was by the way of a bail bond to the sheriff; and it might well be held, that the sheriff could not be both obligor and obligee. But with us there is no privity of obligation between the bail and the sheriff; but it is between the bail and the plaintiff in

Meriam et al. *v.* Armstrong.

the process.    The officer, who makes the arrest, in a certain sense acts as the agent of the plaintiff, both in making the arrest, and in taking the bail.

The result, then, must be, that the judgment of the county court is reversed, and judgment entered, that the declaration is sufficient.

Upon application of the defendant, he had liberty to re-plead, upon terms, and the cause was continued.